UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Swope,
on behalf of B.E.S., a minor,

    Plaintiff,

v.

Carolyn W. Colvin,
Acting Commissioner of the
Social Security Administration,

    Defendant.

Case No. 2:14-cv-516

Judge Michael H. Watson

Magistrate Judge King

## OPINION AND ORDER

Magistrate Judge King issued a Report and Recommendation ("R&R") in this social security case that recommends the Court affirm the Commissioner's decision. R&R, ECF No. 21. James Swope ("Plaintiff") timely objected to the R&R. Obj., ECF No. 22. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the decision of the Commissioner.

### I.  FACTS

Plaintiff filed an application for disability benefits on behalf of his minor son, B.E.S., on March 7, 2011. The application was denied initially and on reconsideration. A hearing before an Administrative Law Judge ("ALJ") was then held on January 29, 2013, and the ALJ thereafter issued a decision concluding

that B.E.S. was not disabled. The Appeals Council declined review, thus making the decision of the ALJ the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

### A. The ALJ's Treatment of Dr. Mary Ann Murphy's Opinion

Plaintiff's first objection—that Dr. Mary Ann Murphy's opinion was entitled to significant weight—is a new argument that was not presented to the magistrate judge and is thus improper. *Alexander v. Comm'r of Soc. Sec.*, No. 1:14CV1863, 2015 WL 5124803, at *5 (N.D. Ohio Aug. 31, 2015) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

In his statement of specific errors, Plaintiff argued that the ALJ erred by failing to give *controlling weight* to the treating physician, Dr. Mary Ann Murphy. Statement of Specific Errors 11–18, ECF No. 11. He contended Dr. Mary Ann Murphy's opinion was supported by medically-acceptable clinical and laboratory diagnostic techniques and was not inconsistent with other substantial evidence in

the record, *id.* at 14–18, which is the test used for determining whether a treating source is entitled to controlling weight, 20 CFR § 416.927(c)(2). He also argued the ALJ failed to give good reasons for rejecting Dr. Mary Ann Murphy's opinion. Statement of Specific Errors 12, ECF No. 11.

Magistrate Judge King concluded that the ALJ did not err in failing to give controlling weight to Dr. Mary Ann Murphy's opinion because the clinical and laboratory techniques Plaintiff argued were used to support the opinion were actually referenced in Dr. Caroline Murphy's opinion, not Dr. Mary Ann Murphy's opinion. Magistrate Judge King concluded Dr. Mary Ann Murphy's opinion did not state she had access to such information when forming her opinion, and moreover, the ALJ properly found that the opinion was inconsistent with substantial evidence in the record—namely, B.E.S.'s academic record and both the teacher questionnaire and Conners Comprehensive Behavior Rating Scales Feedback Handout for Teacher Ratings ("Conners Comprehensive Behavior Rating Scales"), completed by his teacher, Ms. Gibbon. Magistrate Judge King further found the ALJ stated Dr. Mary Ann Murphy's opinions were largely based on B.E.S.'s parents' reports of symptoms, which were inconsistent with information from his school. Thus, she concluded, the ALJ gave good reasons for discounting Dr. Mary Ann Murphy's opinion. Magistrate Judge King concluded that substantial evidence supported each of the ALJ's findings with respect to Dr. Mary Ann Murphy's opinion.

On objection, Plaintiff abandons his argument that Dr. Mary Ann Murphy's opinion was entitled to *controlling weight* or that the ALJ failed to give good reasons for rejecting her opinion. Rather, he contends the ALJ erred in giving the opinion little weight because it was entitled to *significant weight*. Obj. 2–3, ECF No. 22. He argues that Dr. Mary Ann Murphy treated B.E.S. for four years and that her opinions were not inconsistent with the medical record taken as a whole. Rather, he contends, her opinion was inconsistent only with the opinions of the state agency reviewers. He further argues that the ALJ's opinion misrepresented the nature of Ms. Gibbon's teacher questionnaire.

The Court overrules Plaintiff's objection that Dr. Mary Ann Murphy's opinion was entitled to significant weight because he did not present that argument to the magistrate judge. *See Alexander*, 2015 WL 5124803, at *5 (citing *Waters*, 158 F.3d at 936). Moreover, there is no merit to Plaintiff's objection.

Dr. Mary Ann Murphy's opinion is inconsistent with more than just the state agency reviewers. Of her evaluation of the six domains, she found B.E.S. had less than marked limitations in two. Her finding of marked limitations with respect to three other domains is inconsistent with a large portion of the record. For example, in the "Acquiring and Using Information" domain, Dr. Mary Ann Murphy determined that B.E.S. has a marked limitation. This finding is not consistent with B.E.S.'s academic record, PAGEID # 243, the Conners Comprehensive

Behavior Rating Scales, PAGEID # 255, his teacher's questionnaire, PAGEID # 175, or B.E.S.'s own testimony regarding his grades and the fact that he is in regular classes, PAGEID # 62.

In the "Attending and Completing Tasks" domain, Dr. Mary Ann Murphy determined that B.E.S. has a marked limitation. While others noted that B.E.S. has a limitation in this area, Plaintiff does not point to anyone other than Dr. Mary Ann Murphy indicated that he has a marked limitation. Inattention is not a concern on the Conners Comprehensive Behavior Rating Scales. PAGEID # 255. Likewise, Ms. Gibbon did not mark inattention as a "serious problem" on her teacher questionnaire. PAGEID # 176. The school psychologist even reported that giving B.E.S. a specific task to complete with an incentive at the end of the school period was effective in reducing his tantrum and that B.E.S. willingly participated in the observed activity. PAGEID # 245. Dr. Timothy McNeish said that B.E.S. is easily distracted and has poor concentration, but he did not report it as a marked limitation.

Moreover, in the "Health and Physical Well-Being" domain, Dr. Mary Ann Murphy noted that B.E.S. has a marked limitation. Yet Ms. Gibbon stated B.E.S. has no chronic or episodic conditions with physical side effects that interfere with his functioning at school, PAGEID # 180, and Plaintiff points to no one else in the record stated that B.E.S. has a marked limitation in this domain.

Thus, Dr. Mary Ann Murphy's opinion, as a whole, is generally inconsistent with other substantial evidence in the case record. Her ultimate opinion is that B.E.S.'s impairments functionally equal the listings, but she found less than marked limitations in two domains, and of the other four, three of those are inconsistent with various parts of the record as discussed above. It is simply inaccurate to argue that her opinion was not inconsistent with anything other than the reviewing state agency opinions.

Moreover, as discussed above, Ms. Gibbon's teacher questionnaire conflicted with Dr. Mary Ann Murphy's opinion in several respects, and, contrary to Plaintiff's argument, the ALJ did not misread that questionnaire.

Accordingly, this objection is overruled.

## B. The ALJ's Failure to Evaluate Listing 112.10

In his statement of specific errors, Plaintiff argued that the ALJ erred by failing to specifically evaluate B.E.S.'s Asperger's Disorder under Listing 112.10.

Magistrate Judge King concluded that although the ALJ did not expressly evaluate Plaintiff's impairments by referencing Listing 112.10, any error in connection with that failure was harmless. R&R 18, ECF No. 21. Magistrate Judge King noted that the ALJ determined that B.E.S. does not meet the "paragraph B" criteria of Listings 112.02, 112.06, and 112.11. Because Listing 112.10 requires the same "paragraph B" criteria as Listings 112.02, 112.06, and 112.11, B.E.S. does not meet the "paragraph B" criteria for 112.10 either. Thus,

Magistrate Judge King concluded, any failure to expressly evaluate that listing was harmless.

On objection, Plaintiff contends that Asperger's Disorder creates additional limitations that should be considered under the "paragraph B" criteria. He argues that had the ALJ considered B.E.S.'s Asberger's Disorder, the result may have been different.

To satisfy the "paragraph B" criteria in Listing 112.10, a three to eighteen year-old child must satisfy at least two of the paragraph B criteria for Listing 112.02. That is, an adolescent must show at least two of the following: (1) documented marked impairment in age-appropriate cognitive/communicative function; (2) documented marked impairment in age-appropriate social functioning; (3) documented marked impairment in age-appropriate personal functioning; or (4) marked difficulties in maintaining concentration, persistence, or pace. 20 CFR § 404, Subpt. P, App. 1. The ALJ determined that B.E.S. does not meet two or more of the criteria as it relates to Listing 112.02, and because Listing 112.10 requires the same paragraph B criteria, the ALJ's failure to expressly evaluate that listing was harmless error.

Although Plaintiff appears to argue that the ALJ's conclusion as to whether the paragraph B criteria were met would have been different had the ALJ considered B.E.S.'s Asberger's Disorder, nowhere in his objection does Plaintiff explain or cite to evidence showing what additional limitations flow from B.E.S.'s

Asperger's Disorder that the ALJ failed to consider when evaluating the paragraph B criteria for the other listings. Plaintiff merely states conclusorily that "the paragraph B findings in the ALJ's decision do not reflect the totality of the identified impairments and are thus insufficient for the expanded record." Obj. 3, ECF No. 22. Because Plaintiff fails to explain what additional limitations flow from B.E.S.'s Asberger's Disorder that were not considered by the ALJ, this objection is overruled.

### C. The ALJ's Omission of the Medical Opinions in His Discussion of the Six Domains

In his statement of specific errors, Plaintiff argued that the ALJ omitted Dr. Mary Ann Murphy's evaluation and questionnaire as well as a psychological evaluation by psychologist Dr. Carol Bline from his discussion of the six domains. Plaintiff asserted that the ALJ not only omitted, but also ignored, those medical opinions.

Magistrate Judge King concluded that the ALJ considered the opinions of Dr. Murphy and Dr. Bline prior to discussing the six domains and discussed B.E.S.'s academic record and his teacher's report during his evaluation of the six domains. R&R 17, ECF No. 21. The only opinion Magistrate Judge King found the ALJ failed to address within his evaluation of the six functional domains was Dr. McNeish's, but as the R&R notes, Dr. McNeish did not opine that B.E.S. had marked impairments in any functional domains.

On objection, Plaintiff reiterates that while addressing the six functional domains, the ALJ cited to only seventeen pages of the record. Plaintiff contends that those seventeen pages do not reasonably reflect the record as a whole. Rather, Plaintiff asserts, the ALJ cherry-picked from the record those pages which supported the ALJ's conclusions and ignored other substantial evidence. Plaintiff argues the pages the ALJ cites are outweighed in quantity and character by the remainder of the record.

On objection, Plaintiff fails to specify which portions of the record the ALJ allegedly *ignored* as opposed to simply disagreed with. Having reviewed the record *de novo*, the Court agrees with Magistrate Judge King that the ALJ considered the opinions of Drs. Murphy, Bline, and McNeish. The ALJ was not required to restate the opinions of Drs. Murphy and Bline after determining to give them little weight. Nor was he required to restate Dr. McNeish's opinion within the analysis of the six domains, especially because Dr. McNeish did not opine that Plaintiff had marked limitations in any of the functional domains. Plaintiff's objection that the ALJ omitted discussion of medical opinions is therefore overruled.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objections are **OVERRULED.** The Court **ADOPTS** the R&R, ECF No. 21, and **AFFIRMS** the decision of the

Commissioner. The Clerk shall enter judgment for Defendant and terminate the case.

IT IS SO ORDERED.

*[signature: Michael H. Watson]*

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT